"O"

FILED
CLERK, U.S. DISTRICT COURT

DEC 2 6 2007

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STANFORD BLAINE CHATFIELD,<br><br>   Petitioner,<br><br>   v.<br><br>L.E. SCRIBNER, Warden,<br><br>   Respondent. | Case No. CV 07-3529-DOC (MLG)<br><br>ORDER ACCEPTING AND ADOPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has reviewed the Report and Recommendation and all of the records and files herein. The Court accepts and adopts the findings and recommendations of the United States Magistrate Judge in the Report and Recommendation attached hereto and orders that Respondent's Motion to Dismiss be denied.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order on all parties.

Dated:  *December 24, 2007*

_____
David O. Carter
United States District Judge

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.
DATED: 11-01-07
DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
NOV - 1 2007
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STANFORD BLAINE CHATFIELD, | Case No. CV 07-3529-DOC (MLG) |
| Petitioner, | REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| v. | |
| L.E. SCRIBNER, Warden, | |
| Respondent. | |

I. Factual and Procedural Background

In October 2003, Stanford Blaine Chatfield was convicted by a jury in the Los Angeles County Superior Court of four counts of first degree burglary, Cal. Penal Code ("CPC") § 459. The trial court also found that Chatfield had been previously convicted of four prior serious felonies and, applying California's three strikes sentencing scheme, CPC §§ 667(b)-(i) and 1170.12(a)-(d), sentenced him to four consecutive terms of twenty-five years to life plus consecutive terms of five years imprisonment for each of the four prior convictions, pursuant to CPC § 667(a).

Chatifield appealed his convictions to the California Court of Appeal, which affirmed the judgment. (Lodged Doc. 2.) He then filed a petition for review in the California Supreme Court, which was denied on January 19, 2005. (Lodged Doc. 3.)

Chatfield filed a petition for writ of habeas corpus in the Los Angeles County Superior Court on January 17, 2006.[1] (Lodged Doc. 5.) The superior court denied the petition on February 10, 2006. (Lodged Doc. 6.) On July 8, 2006, Chatfield filed a habeas corpus petition in the California Court of Appeal. (Lodged Doc. 7) The appellate court denied the petition on July 19, 2006. (Lodged Doc. 8.) On August 3, 2006, Chatfield filed a habeas corpus petition in the California Supreme Court. (Lodged Doc. 9.) The California Supreme Court denied that petition on February 21, 2007, without comment. (Lodged Doc. 10.) Having exhausted his state remedies, Chatfield filed this petition for writ of habeas corpus on May 14, 2007. (Pet. 1.)

On September 19, 2007, Respondent filed a motion to dismiss the petition. Respondent claims that Chatfield's federal petition was untimely filed under the one-year limitation period set forth in 28 U.S.C. § 2244(d). Chatfield filed an opposition on October 17, 2007, and the matter is ready for decision.

//
//
//

---

[1] Chatfield is an incarcerated *pro se* litigant and therefore entitled to the benefit of the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Under this rule, Chatfield's habeas corpus petitions, both in state and federal courts, are deemed filed upon delivery to prison authorities for mailing to the clerk. The Court assumes that Chatfield delivered the respective petitions to the prison authorities on the date that he signed them, and uses this as the filing date.

2

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner has one year from the date his conviction became final to seek habeas corpus relief. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review...is pending." 28 U.S.C. § 2244(d)(2). The period during which a state court appeal is "pending" for purposes of the AEDPA includes "the interval between (1) the time a lower state court reaches an adverse decision, and (2) the day the prisoner timely files an appeal." *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

The California post-conviction remedy scheme presents a unique problem when determining whether an application is "pending" under § 2244(d)(2). As the Supreme Court has pointed out, most states require a prisoner to appeal an adverse lower court decision on a petition for post-judgment relief within a specific number of days, making it easy to determine whether the appeal was timely filed. *Id.* at 219. In contrast, California's rules governing habeas corpus petitions do not require that appeals be filed within a set number of days. Instead, a petitioner who is denied habeas corpus relief may seek review in a higher court by filing an original petition in that court (as opposed to a notice of appeal). California law only mandates that the next petition be filed within a "reasonable time." *In re Harris*, 5 Cal. 4th 813, 828 n.7 (1993). In *Carey v. Saffold*, the Supreme Court held that the time gaps between filing subsequent habeas corpus petitions are tolled in California just as in other states, so long as the petitioner complies with California's "reasonable time" filing requirement. 536 U.S. at 222-23.

But whether a petition has been filed within a reasonable time under California law is not always clear. California courts frequently deny habeas corpus petitions with opaque language or with no comment concerning the grounds for their decision.[2] Without clear direction from the California courts as to whether the petition was denied for untimeliness,[3] the Supreme Court has instructed federal courts to "examine the delay in each case and determine what the state courts have held in respect to timeliness" and thus whether the petition is entitled to tolling of the limitations period. *Evans v. Chavis*, 126 S. Ct. 846, 852 (2006). As the Supreme Court explained in *Evans*, federal habeas courts should not take the language used in a California denial order, or the absence of any statement, as "an absolute bellwether" on the timeliness question. *Id.* at 850. As in *Saffold*, the *Evans* Court eschewed a bright-line rule, stating that any such rule would need to come from the California legislature or judiciary. *Id.* at 853.

In order to determine whether a state habeas corpus petition was untimely under California law, it is helpful to look to California cases addressing the issue. California "decisions have consistently required that a petitioner explain and justify any substantial delay in presenting a claim." *In re Clark*, 5 Cal. 4th 750, 783 (1993). As with the term "reasonable time," California courts have not defined what constitutes a "substantial delay." Rather, the courts have conducted

---

[2] In *Saffold*, for example, the order of the California Supreme Court stated that the petition was denied "on the merits and for lack of diligence." *Id.* at 218. This language can be construed to mean that the petition was timely or untimely. *Id.* at 218. In many cases, the California Supreme Court denies a petition without comment. *See, e.g, Evans v. Chavis*, 126 S. Ct. 846, 851 (2006).

[3] Of course, if the California court clearly indicates that the petition is untimely, "that would be the end of the matter." *Saffold*, 536 U.S. at 226.

4

a case by case analysis to determine whether the delay was substantial. For example, the California Supreme Court found that a petitioner facing a death sentence did not substantially delay in filing a petition within approximately five months of learning of the basis for a new claim.[4] *In re Robbins*, 18 Cal. 4th 770, 795, 799, 803 (1950). And where a delay is substantial, the petitioner may show that there was good cause for the delay and avoid a finding of untimeliness. *Id.* at 780. In some cases the court may excuse a substantial delay if the "facts known to counsel suggest the existence of other potentially meritorious claims which cannot be stated without additional investigation." *Id.* at 805 (internal quotations omitted). In such a

---

[4] *In re Robbins*, 18 Cal. 4th 770 (1998), concerns the filing requirements for habeas corpus petitions in capital cases. In contrast to petitions in non-capital cases, there is an established process in California for determining the timeliness of petitions in capital cases. Under policies adopted by the California Supreme Court in 1989, a capital habeas corpus petition is presumed timely if it is filed within ninety days of the filing of appellant's reply brief on direct appeal. *Id.* at 779. If it is filed after the ninety day period, the petition is nonetheless timely if the petitioner can show that there was not a substantial delay between the time the petitioner knew of the information in support of his claim and when he filed the petition. *Id.* at 780. If the delay was substantial, the petition is still timely if the petitioner shows that there is good cause for the delay. *Id.* at 780. A final, third way for capital defendants to avoid the ninety-day requirement is to show one of four especially egregious errors in their trial or sentencing. *Id.* at 780-81.

Although these structured requirements do not apply in non-capital cases, the same substantive analysis of what constitutes a "reasonable time" and a "substantial delay" applies to all habeas corpus petitions filed in California courts.

> The Policies [governing petitions in capital cases] did not create or modify the timeliness requirements applicable to all habeas petitions except insofar as they [] establish a presumption of timeliness if a petition by a capital defendant is filed within 90 days of the final due date for the filing of an appellant's reply brief....

*Clark*, 5 Cal. 4th at 783. Therefore, a California court's timeliness analysis is instructive regardless of whether the underlying case involves capital punishment.

situation, the petitioner may delay filing to avoid the piecemeal presentation of claims. *See also id.* at 806 n.28 (explaining the bounds of this exception). California courts have also excused long delays in cases where the petitioner was uneducated, was ignorant of legal rights and procedures, and acted diligently to pursue his claim. *In re Saunders*, 2 Cal. 3d 1033, 1040-41 (1970) (five years); *In re Perez*, 65 Cal. 2d 224, 228 (1966) (three years); *In re James*, 38 Cal. 2d 302, 309 (1952) (over five years). The United States Supreme Court has also implied that a delay may be excused if the prisoner was unable to access the prison law library due to scheduling conflicts or prison lockdowns. *Evans*, 126 S. Ct. at 854.

As discussed in footnote 4, the presumption of timeliness in capital cases extends ninety days from the filing of appellant's reply brief on direct appeal. *Robbins*, 18 Cal. 4th at 779. The ninety-day period provides little guidance to this court in trying to determine how California courts view the timeliness of non-capital petitions. The California Supreme Court created the presumptive time limit to address issues unique to capital cases. *Clark*, 5 Cal. 4th at 783-85. The California Supreme Court did not adopt any policies for non-capital cases, and neither will this Court.

The *Evans* decision provided some guidance to lower federal courts, stating that "timely filings in California...f[a]ll within the federal tolling provision *on the assumption* that California law in this respect does not differ significantly from the laws of other States...," which typically give a range of thirty to sixty days to file an appeal. *Evans*, 126 S. Ct. at 853-54 (emphasis in original).

In *Evans*, the Supreme Court was faced with deciding whether an unexcused delay of six months was unreasonable under California law.

*Id.* at 854. The *Evans* Court observed that "[s]ix months is far longer than the short period[s] of time, 30 to 60 days, that most States provide for filing an appeal to the state supreme court." *Id.* (internal quotation and citation omitted). The Supreme Court concluded: "We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained six-month filing delay 'reasonable.'" *Id.* In the wake of *Evans*, an unexplained delay of six months or more must be considered unreasonable under California law.

Whether an unexcused delay of greater than thirty to sixty days, but less than six months, is reasonable has been left to the lower courts to determine. Since the *Evans* decision, some district courts have used the *Evans* Court's delineation of an unexplained six months as unreasonable, when compared the thirty or sixty day periods used by most states, as a basis for finding unjustified delays of between sixty days and six months to also be unreasonable. *See, e.g., Ray v. Marshall*, 2007 WL 3096157 at *3-4 (E.D. Cal., October 22, 2007)(139 days); *Chavez v. Henry*, No. 05-00490, 2006 U.S. Dist. LEXIS 45020, at *17 (E.D. Cal. July 3, 2006) (five months); *Potts v. Giurbino*, No. 05-1568, 2006 U.S. Dist. LEXIS 33631, at *12-13 (E.D. Cal. May 18, 2006) (five months); *Walker v. Harrison*, No. 05-00934, 2006 U.S. Dist. LEXIS 7577, at *12-13 (E.D. Cal. Feb. 27, 2006) (four months). Other district courts have declined to use the "30 to 60 days" passage in *Evans* as a basis for finding delays of between sixty days and six months to be unreasonable. *See, e.g., Haynes v. Carey*, 2007 WL 3046008 at *6 (E.D. Cal., Oct. 18 2007)(Report and Recommendation)(170 day delay reasonable under California law); *Osumi v. Giurbino*, No. 05-5184, 2006 WL 2468264, at *4 (C.D. Cal. Aug. 15, 2006) (finding a three

month delay reasonable and stating that "the Supreme Court did not establish a bright-line rule regarding delays of less than six months"); *Stowers v. Evans*, No. 05-2067, 2006 U.S. Dist. LEXIS 13863, at *6-7 (E.D. Cal. Mar. 29, 2006) (finding a three month delay reasonable). Without direction from the California courts or legislature, federal courts must reach a judgment based on their own conclusions, as informed by *Evans* and California law, about whether an unexcused delay in a particular case is reasonable. "California, of course, remains free to tell us if...we were wrong." *Evans*, 126 S. Ct. at 853.

The upshot is that federal courts must employ a two-step analysis to determine whether a California petition is timely filed and thus entitled to gap tolling. First, when the delay is between sixty days and six months, the court should ask whether an unexcused delay of the given duration is reasonable under California law. Second, if the court concludes that the delay is unreasonable, then the federal court must go on to decide whether the petitioner has a good excuse for the delay.

The Court now turns to determine whether Chatfield's federal habeas petition was timely filed under AEDPA.

### III. Analysis

AEDPA's one-year limitations period begins when the petitioner has exhausted his direct appeals and his conviction has become final. The California Supreme Court denied Chatfield's petition for direct review of his conviction on January 19, 2005. Chatfield did not file a petition for writ of certiorari to the United States Supreme Court. His conviction became final and the one-year limitation period commenced on

April 19, 2005. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("When a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires."). Thus, without the benefit of statutory tolling, Chatfield was required to file his petition in this Court no later than April 19, 2006.

Petitioner filed his first state habeas corpus petition in the superior court on January 17, 2006. As of that date, 272 days of the one-year limitations period had expired and Chatfield had 93 days left in which to file a federal habeas corpus petition. The California Supreme Court denied Chatfield's final habeas corpus petition on February 21, 2007, and he filed the instant petition 82 days later, on May 14, 2007. Assuming that Chatfield is entitled to statutory tolling during the pendency of his three state habeas corpus petitions and the time gaps in between, his federal petition is timely. Indeed, under this assumption, Chatfield filed his petition in this Court with 11 days to spare. However, if the time gaps between the state petitions are not tolled, this petition is untimely.

There is no dispute that statutory tolling applies to the period of time in which Chatfield's petitions were pending in the respective California courts awaiting a decision. Moreover, Respondent does not allege that the 15 days between the denial of the petition by the court of appeal on July 16, 2007, and the filing of the petition in the California Supreme Court was unreasonable. The only issue for the Court to decide is whether the 148 days between the superior court denial and the filing in the court of appeal is tolled. If not, then the limitations period expired 92 days following the superior court's

9

denial of the habeas corpus petition, i.e., on May 15, 2006. Under this calculation, petitioner's subsequent state petitions would play no part in the tolling analysis, as it is well established that the filing of a state post conviction petition cannot restart the limitation clock under §2244(d)(2) once it has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

Chatfield's petition to the California Court of Appeal was timely filed, and the period of time prior to filing that petition is tolled, if the 148 day (or five-month) delay is reasonable under California law. *Evans*, 126 S. Ct. at 853. If not, the Court must determine whether Chatfield has presented a good excuse for the delay.

In *Evans*, the Supreme Court found that an unexcused delay of six months is unreasonable. *Id.* at 854. Without more direction from the California courts, this Court likewise finds that five months significantly differs from the one or two month filing period used by other States. Therefore, an unexcused delay of five months is unreasonable.

Chatfield's petition is nonetheless timely if he can justify the five month delay. Chatfield's explanation is that he was not able to file the petition in the California Court of Appeal any sooner because he was denied access to the prison law library, which he needed to work on his petition and to obtain the requisite copies for filing. (Opposition, p. 10-11 and Ex. A.)[5] This explanation is borne out by the exhibits attached to the opposition, which were submitted to the

---

[5] Exhibit A to Petitioner's opposition consists of documents filed in the California Court of Appeal in July 2006 in order to explain his delay in filing that petition. They are designated as Exs. N1-N7.

California Court of Appeal along with the July 2006 petition.

The exhibits reveal that Chatfield received notice of the denial of the petition by the superior court on February 21, 2006. On March 27, 2007, Chatfield filed a prison grievance concerning the denial of access to the law library due to a lockdown. He expressly noted that he needed to exercise due diligence in filing his next petition and requested access to the law library on a weekly basis. This request was denied with the notation that he needed to submit a proof of a court deadline in order to obtain library access. (Opposition, Ex. A (Ex. N4)). Chatfield made additional requests for library access on April 4, 2006, and April 25, 2006. On May 3, 2006, the library technician responded that Chatfield's court deadline had expired on March 10, 2006 and therefore access would be denied. (Id. at Ex. N5.) Chatfield persisted in his attempts to obtain library access. Additional grievances and/or inquiries were filed on May 4, 2006, and May 18, 2006. On June 6, 2006, Chatfield was informed that he was scheduled for library access on June 8, 2006. (Id.) Chatfield acknowledges obtaining library access on June 8, 2006, and June 22, 2006 for two hour periods. The petition was filed, along with a statement explaining the delay and supporting exhibits, on July 8, 2006.

As discussed above, California courts have looked with leniency upon prisoners who have diligently investigated and developed their claims. *See Saunders*, 2 Cal. 3d at 1040-41; *Perez*, 65 Cal. 2d at 228; *James*, 38 Cal. 2d at 309. My review of the petitions filed in the superior court and court of appeal reveals that while they raise similar, if not identical issues, Chatfield attempted to refine the court of appeal petition by typing it and attempting to more thoroughly

11

develop the arguments. (Lodged Doc. 5 & 7.)

This Court therefore finds that while the five month delay may be deemed unreasonable standing alone, Chatfield has presented sufficient grounds to excuse or justify the delay. He diligently pursued his attempts to obtain law library access in order to present his claims. He has fully documented those attempts. Once he obtained such access, he immediately filed his habeas petition. The reasons for delay were explicitly presented to both the California Court of Appeal and the California Supreme Court, neither of which denied the petition based upon delay. The 148 day gap between February 10, 2006 and July 8, 2006 should be statutorily tolled as the filing delay is both explained and justified. With tolling of the disputed period, Chatfield's petition was timely filed with eleven days to spare.

## IV. Conclusion

For the reasons stated above, the motion to dismiss the petition for writ of habeas corpus should be **denied**.

Dated: November 1, 2007

_____
Marc L. Goldman
United States Magistrate Judge

12